UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Steven N. Fox,<br>                    Plaintiff,<br><br>v.<br><br>Philip Morris USA and<br>Altria Group, Inc.<br>                    Defendants. | Civil Action No.: _____<br><br><br>COMPLAINT |

Plaintiff, Steven N. Fox, for his Complaint against the Defendants, Phillip Morris

USA and Altria Group, Inc., alleges as follows:

PARTIES

1.      Plaintiff, Steven N. Fox, is an individual residing at 21 Hixson Farm Road,

Sharon, MA 02067 (hereinafter "plaintiff").

2.      On information and belief, Defendant Philip Morris USA, is a Virginia

corporation having a regular and established place of business 6601 West Broad Street,

Richmond, VA 23230.

3.      On information and belief, Defendant Altria Group, Inc., is a Virginia corporation

having a regular and established place of business 6601 West Broad Street, Richmond,

VA 23230. On information and belief, Defendant Philip Morris USA is a wholly owned

subsidiary of Defendant Altria Group, Inc. Defendant Philip Morris USA and Defendant

Altria Group, Inc. are collectively hereinafter referred to as the "Defendants."

-1-

## JURISDICTION AND VENUE

4.    This action arises under the laws of the Commonwealth of Massachusetts.

5.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§1332.

6.    This Court has personal jurisdiction over the Defendants based upon their contacts with this forum, including, the selling of products within the Commonwealth of Massachusetts.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b).

## GENERAL FACTS

8.    Plaintiff started smoking Marlboro brand cigarette at about age 10 and from about age 20 to the present smoked about 1-2 packs of Marlboro Lights per day for more than 50 years. Although people still use the brand Marlboro Lights, the cigarettes are now marketed as Marlboro Gold Pack (hereinafter the "Accused Product"). Plaintiff typically purchases the Accused Product at the Shell Station located at Cobbs Corner, Stoughton, MA 02072.

9.    On or after March 17, 2023, Plaintiff learned he had severe emphysema caused by Plaintiff's smoking history. Further, after March 17, 2023, Plaintiff needed open heart surgery to fix a severe heart problem. Plaintiff was unable to have open heart surgery because of the severe emphysema (collectively hereinafter the "Injuries").

10.    Plaintiff has a long history of addiction to various things and only is becoming aware recently how severe and fatal the addiction of smoking cigarettes and the Accused Product is to Plaintiff and others like him.

11.    After learning of the severe emphysema, plaintiff has been urgently trying to stop smoking the Accused Product but has been unable to do so as of yet. Plaintiff has inquired about professional addiction treatment facilities but Plaintiff does not have the financial resources to afford such professional addiction treatment services.

12.    Defendants sell the Marlboro Lights and/or Marlboro Gold Pack brand of cigarettes (hereinafter the "Accused Product") within the Commonwealth of Massachusetts to people such as Plaintiff.

## COUNT I - STRICT PRODUCT LIABILITY

13.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-12 as if fully alleged herein.

14.    The Accused Product was and still is defective in design, manufacturing, and/or warning when it left and/or presently leaves the Defendants' control. Such defective design or manufacturing or warning includes, but are not limited to, anyone one of the following defects: the Accused Product is highly addictive to people such as Plaintiff; concealing the highly addictive nature of the Accused Product from people such as Plaintiff and that such people may not be able to stop smoking the Accused Product; and that use of the Accused Product causes lung disease, including emphysema.

15.    Any one of the defects made and continues to make the Accused Product unreasonably dangerous.

16.    Defendants anticipated and knew the environment in which the Accused Product would be used, namely, smoking of the Accused Product by people such as Plaintiff.

-3-

17. Upon information and belief, Defendants knew the Accused Product was not safe for use by people such as Plaintiff. Defendants knew the Accused Product was highly additive and/or caused severe lung disease including emphysema.

18. Upon information and belief, Defendants knew that the Accused Product could not be used in any safe manner by people such as Plaintiff.

19. Upon information and belief, Defendants did not design the Accused Product against the reasonably foreseeable risks of addiction and lung disease, including emphysema from the ordinary use of the Accused Product by Plaintiff.

20. Upon information and belief, for many tears Defendants could have and still can design a product without the defects, including a product that was not addictive but chooses not to do so because of loss of market share and money.

21. Plaintiff suffers from a mental addiction that makes him very prone to addictive substances and activities. Upon information and belief, Defendant knowingly sold and continues to sell the Accused Product to addicts like Plaintiff.

22. Plaintiff has tried many times to stop smoking the Accused Product both as a young adult and an older adult but has been unable to stop. For many years, Plaintiff did not understand the how serious and fatal the addiction to smoking the Accused Product was and still is to Plaintiff.

23. Plaintiff's use of the Accused Product was and continues to be the direct cause of Plaintiff's severe Injuries.

24. Plaintiff's use of the Accused Product for at least the last fifty (50) years has caused irreparable harm and monetary damages while using the Accused Product in a reasonably foreseeable manner.

-4-

## COUNT II: IMPLIED WARRANTY OF MERCHANTABILITY

25.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-24 as if fully alleged herein.

26.     Defendant is a merchant who regularly deals in goods of the Accused Product.

27.     The Accused Product was sold within the Commonwealth of Massachusetts.

28.     The product was defective in design, manufacture, or due to a failure to warn. The Accused Product was not fit for its ordinary, intended use.

29.     The defect directly and proximately caused injuries or damages to Plaintiff.

30.     Plaintiff used the product in a reasonably foreseeable way.

31.     Defendant's sale of the Accused Product within the Commonwealth of Massachusetts violates the implied warranty of merchantability.

32.     Defendant's sale of the Accused Product was and continues to be the direct cause of Plaintiff's severe Injuries.

## COUNT III - UNFAIR AND DECEPTIVE TRADE PRACTICE

## IN VIOLATION OF M.G. L. c. 93(a)

33.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-32 as if fully alleged herein.

34.    Defendant knowingly and intentional caused the Accused Product to be to sold within the Commonwealth of Massachusetts to people such as Plaintiff while concealing the highly addictive nature of the Accused Product from people such as Plaintiff.

35.    Defendant's actions of concealing the highly addictive nature of the Accused Product from people such as Plaintiff constitutes an unfair and deceptive trade practice.

36.    The Accused Product is defective. Defendant continued to sell and continues to sell the Accused Product despite knowing the Accused Product is defective and causes severe illness and death.

37.    Defendant's actions of selling and continuing to sell the Accused Product despite knowing the Accused Product is defective and causes severe illness and death constitutes an unfair and deceptive trade practice.

38.    Such unfair and deceptive trade practices occurred substantially within the Commonwealth of Massachusetts.

39.    Such unfair and deceptive trade practices were knowing and willfully committed by Defendants.

40.    Defendant's unfair and deceptive trade practices were and continue to be the direct cause of Plaintiff's severe Injuries.

41.    As a result of Defendant's unfair and deceptive trade practices, Plaintiff has and continues to suffer irreparable harm and monetary damage.

## REQUESTED RELIEF

Plaintiff requests this Court to enter judgment in favor of him and against the Defendants, jointly and severally, on the above counts and grant him the following relief:

1.      An Order that Defendants be preliminary enjoined from making, importing, using, offering for sale, and/or selling the Accused Product or any product similar thereto;

2.      An Order that Defendants be permanently enjoined from making, importing, using, offering for sale, and/or selling the Accused Product or any product similar thereto;

3.      That Defendants pay Plaintiff actual damages in the amount of $1,000,000 or higher as may be proved at trial;

4       That Defendants pay for Plaintiff to attend a professional addiction treatment center for a period of at least three (3) months;

5.      That actual damages be trebled;

6.      That Plaintiff be awarded interest on damages;

7.      That Plaintiff be awarded his reasonable attorney fees incurred in this action;

8.      That plaintiff be awarded his costs; and

9.      Such other relief as this Court deems equitable and just.

## REQUEST FOR A JURY

Plaintiff hereby requests a jury on all issues triable by a jury.

Respectfully submitted,

Dated: 03/17/2026

/s/ Steven N. Fox
Steven N. Fox
21 Hixson Farm Road, Unit D
Sharon, MA 02067
(508) 272-4192
E-Mail: snf33237@gmail.com
PRO SE